UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MICHAEL JAMES RICONOSCIUTO,

  Petitioner,

  v.

STEVE LANGSFORD,

  Respondent.

CASE NO. 3:16-CV-05964-RJB-DWC

ORDER TO SHOW CAUSE OR AMEND

Petitioner Michael James Riconosciuto, proceeding *pro se*, filed a Petition for Writ of Habeas Corpus by a Person in Federal Custody pursuant to 28 U.S.C. § 2241. *See* Dkt. 3. Having reviewed the Petition, the Court finds Petitioner is challenging both the conditions of his confinement and the fact or duration of his confinement. Therefore, the Court directs Petitioner to amend his pleading by January 17, 2017, to cure the deficiencies identified herein.

**BACKGROUND**

Petitioner states he is currently housed at Lompoc Federal Corrections Institution ("Lompoc") after being convicted by a jury of conspiracy to manufacture methamphetamine, distribution of methamphetamine, and possession with intent to distribute methamphetamine in

ORDER TO SHOW CAUSE OR AMEND - 1

the Western District of Washington State, Tacoma Division. *See* Dkt. 3. In his Petition, Petitioner alleges he has been denied access to the prison library and access to his legal case documents, denied access to medical treatment, and his counsel was ineffective at sentencing resulting in the imposition of an incorrect sentence. Dkt. 3, pp. 3-4. The Petition challenges the fact and duration of his confinement, but also challenges his conditions of confinement at Lompoc. *Id.*

## DISCUSSION

### I.     Improper Claims

An "action lying at the core of habeas corpus is one that goes directly to the constitutionality of the prisoner's physical confinement itself and seeks either immediate release from that confinement or the shortening of its duration. With regard to such actions, habeas corpus is now considered the prisoner's exclusive remedy." *Preiser v. Rodriguez*, 411 U.S. 475, 503 (1973) (internal quotation omitted). "A civil rights action, in contrast, is the proper method of challenging conditions of confinement." *Badea v. Cox*, 931 F.3d 573, 574 (9th Cir. 1991); *see also Bivens v Six Unknown Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).

Here, Petitioner challenges both his physical confinement by challenging the correctness of his federal sentence, alleging ineffective assistance of counsel at sentencing, and the conditions of his confinement, alleging First and Eighth Amendment violations. *See* Dkt. 3. As Petitioner's claims regarding violations of his First and Eighth Amendment rights implicate the conditions of his confinement and not the fact or duration of his custody, the First and Eighth Amendment claims cannot form the basis of habeas relief. Petitioner's First and Eighth Amendment claims must be brought in a civil rights complaint. *See Alcala v. Rios*, 434 Fed. Appx. 668, 669-70 (9th Cir. 2011) (finding claims challenging the conditions of confinement

were not cognizable under § 2241 and should be brought as a civil rights action). Petitioner is directed to file an amended pleading containing only claims challenging the conditions of his confinement or challenging the fact or duration of his custody.

## II.      Improper Petition

Petitioner filed a § 2241 Petition challenging the legality of his sentence. Dkt. 3. "Generally, motions to contest the legality of a sentence must be filed under § 2255 in the sentencing court, while petitions that challenge the manner, location, or conditions of a sentence's execution must be brought pursuant to § 2241 in the custodial court." *Hernandez v. Campbell*, 204 F.3d 861, 864 (9th Cir. 2000). "A federal habeas prisoner authorized to seek relief under 28 U.S.C. § 2255 may not petition for habeas relief pursuant to 28 U.S.C. § 2241 unless it appears that the § 2255 motion is inadequate or ineffective to test the legality of his detention." *Moore v. Reno*, 185 F.3d 1054, 1055 (9th Cir. 1999) (*citing United States v. Pirro*, 104 F.3d 297, 299 (9th Cir.1997)). The Ninth Circuit has held "a § 2241 petition is available under the 'escape hatch' of § 2255 when a petitioner (1) makes a claim of actual innocence, and (2) has not had an 'unobstructed procedural shot' at presenting that claim." *Stephens v. Herrera*, 464 F.3d 895, 898 (9th Cir. 2006). "Thus, for Petitioner's Petition to be a legitimate § 2241 petition, he must satisfy both of those requirements." *Muth v. Fondren*, 676 F.3d 815, 819 (9th Cir. 2012), *as amended* (May 31, 2012).

Here, Petitioner is a federal prisoner authorized to seek relief under § 2255. *See* Dkt. 3; 28 U.S.C. § 2255. Further, "[t]he customary procedure for challenging the effectiveness of defense counsel in a federal criminal trial is by collateral attack on the conviction under 28 U.S.C. § 2255." *United States v. Miskinis*, 966 F.2d 1263, 1269 (9th Cir.1992). Petitioner has not alleged he is actually innocent or shown he has not had an "unobstructed procedural shot" at

presenting his ineffective assistance of counsel claim. Therefore, Petitioner has not filed a legitimate § 2241 Petition. Petitioner must show cause why this Petition is proper under § 2241 or file an amended petition under § 2255 challenging only the fact or duration of his custody.[1]

### III. Venue and Jurisdiction

#### A. Claims challenging custody

A habeas petition filed pursuant to § 2241 must be heard in the custodial court, even if the § 2241 petition contests the legality of a sentence by falling under the savings clause. *Hernandez*, 204 F.3d at 865. "[A] § 2255 petition must be heard in the sentencing court." *Id*. Here, if Petitioner seeks to pursue a § 2255, the Western District of Washington has jurisdiction over the case. However, if Petitioner is filing a § 2241, the Central District of California has jurisdiction over the case. Therefore, if Petitioner pursues a § 2241, the Court will recommend transferring this case to the Central District of California.

#### B. Claims challenging conditions

Petitioner also raises claims challenging the conditions of his confinement related to his incarceration at Lompoc. *See* Dkt. 3. When jurisdiction is not found solely on diversity, venue is proper in (1) the district in which any defendant resides, if all of the defendants reside in the same state; (2) the district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated; or

---

[1] The Court notes a one year limitation period applies to §2255 petitions and runs "from the latest of--(1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C.A. §2255(f). If Petitioner files a § 2255, he must show the petition complies with the limitations period outlined in §2255(f).

(3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought. *See* 28 U.S.C. § 1391(b).  When venue is improper, the district court has the discretion to either dismiss the case or transfer it "in the interest of justice." *See* 28 U.S.C. § 1406(a).

Plaintiff names Steve Langsford, the Warden of Lompoc, as the sole defendant in this case. Defendant Langsford is located in the Central District of California. The claims in the Petition challenging the conditions of confinement arise from his incarceration at Lompoc, located in the Central District of California. If Petitioner intends to pursue a civil rights action against Defendant Langsford, the Court will recommend the case be transferred to the Central District of California.

**IV.     Instructions to Petitioner and Clerk**

Petitioner must determine if he intends to file a § 2241, § 2255, or civil rights action. Petitioner cannot file claims challenging both his conditions of confinement and the fact or duration of his custody in the same lawsuit. Whichever claims (habeas or civil rights) he does not pursue in this case, he may raise in a separately filed cause of action. If Petitioner pursues a §2241 petition, he must show cause why his claims are properly raised in a § 2241 petition.

The Court notes the amended pleading must be legibly rewritten or retyped in its entirety, it should be an original and not a copy, it should contain the same case number, and it may not incorporate any part of the original Petition by reference. The amended pleading will act as a complete substitute for the original Petition, and not as a supplement.

If Petitioner fails to adequately address the issues raised herein and file an amended pleading on or before January 17, 2017, the undersigned may recommend dismissal of this action.

1     The Clerk is directed to provide Petitioner with the forms for filing a petition for habeas

2 corpus relief pursuant to 28 U.S.C. § 2241 and § 2255 and forms for filing a civil rights

3 complaint. The Clerk is further directed to provide copies of this Order to Petitioner.

4     Dated this 16th day of December, 2016.

                                             David W. Christel
                                             United States Magistrate Judge